Radcliff, J.
Placing out of view the question as to the conclusiveness of foreign sentences, I am of opinion, that the warranty of American property ought to be construed in reference to the belligerent parties. It was intended that the property should be neutral in regard to them. The reasoning of the court of admiralty appears to me to be well founded, that the plaintiff, being a Frenchman, could not, either in regard to his own country or its enemies, expatriate himself, flagrante hello, so as to destroy the relation in Which he stood, at the commencement of the war. This .principle appears to have been generally adopted by public writers, and in the practice of nations. I think, however, that for the reasons given in the case of Delavigne v. The United Insurance Company, (ante, p. 3.10,) decided in this term, that the plaintiff is entitled to a return of premium.
Benson, J., was of the same opinion.
Kent, J.
For the reasons given by me in the case of Goix v. Low, (ante, p. 341,) I consider the sentence of condemnation as conclusive evidence of a breach of the warranty, and that judgment ought, therefore, to be-rendered for -the defendants. But supposing the. sentence still open for our examination, I think that the warranty of neutrality must be considered in reference to the law of nations; and the true question is, whether the plaintiff is to be considered as a Frenchman or an American, according to that law. It is immaterial how he was considered in France, or by the municipal law, because the parties, by the true construction of the contract, had in view a protection on the high seas, *433 under the sanction of the general, law. By the law of nations, the plaintiff was to be deemed a Frenchman, and not an American, in respect to-the powers at war. It was necessarily to be inferred from the case, that the plaintiff emigrated from France, pending the war, and it *is a sound principle of national policy, that an emi- [*363] gration, flagrante bello, will not, and cannot, rightfully change the duties, and responsibility of the party. His sovereign may still claim him as a subject, and the enemy of that sovereign has a right to regard him as an enemy. The parties at war can only know the subjects of each other, as their respective domicils existed at the breaking out of the war. By the naturalization of the plaintiff here, he only acquired municipal privileges. He is left in statu quo, as to his pre-existing relations to other nations.
Lansing, Ch. J. did not admit the conclusiveness of the sentence of the admiralty court, but concurred in this opinion on the other grounds.
Lewis, J. dissented, and was of opinion that the plaintiff was entitled to judgment.
Judgment for the plaintiff, for the premium only.