Lewis, Ch. J.
In Duguet v. Rhinelander,(a) it was decided, in the court of errors, that though the emigration be flagrante ledo, and the naturalization afterwards, it is sufficient to answer the warranty of neutrality in a policy of as surance. *
Lewis, C. J.
Certainly. This bench did think other wise, but their judgment was overruled in the court above and they are bound by that decision.
Pendleton, for the defendant.
The case may be divided into two points. The naturalization of the plaintiff, and the materiality of the representation. On the first point, the question is, what ought to be understood by the representation : if the opinion is according to the usual meaning of the terms, then the naturalization was in 1794, or existing ever since 1794. There is no evidence that it was immaterial : it was material, and if true, that he ought to be considered as a neutral by belligerent parties. Besides, it does not lie with him to say it was immaterial, because it was a wilful misrepresentation. The principle of construction of terms used in contracts, and more so in representations, as being the foundations of contracts, is by taking them in the usual acceptation of the words; the ordinary, and no-t the grammatical. The representation must be taken as an answer; for the underwriter must be supposed to have *asked, ‘''When were you naturalized?” the [*290] answer is, since, or ever since, 1794. It must have been an answer, or why select one period more than another. He must have meant that he was naturalized in 1794, as according to the law of congress then in force, to entitle him to that privilege, his emigration would have been before the commencement of hostilities; and this being so, he would, according to the law of nations, have been protected in his commerce from a neutral country. Great Britain allows the privileges of neutrality to her own subjects, trading with an enemy from a neutral country, if they resided there before hostilities commenced. The representation was to make the underwriters believe it was a neutral risk, mislead them, and affect the rate of premium to be paid. That representations ought to be true and exact, Park, 174,175. If false, and to lessen the premium, it was fraudulent, and being within his own knowledge, it is the same whether the fact be material or immaterial. But the circumstance is very material, as will appear from Park, 180, 182. Hodgson v. Richardson, 1 Black. 463. Fillis v. Brutton, Sit. Guildhall, aft. Hil. 1782. If, therefore, the dis *368 closure was not true, the court will not speculate on the materiality.

Pendleton.

In 1794. The person must have resided two years, (a) and this would carry the emigration back to a period before hostilities. The period of emigration is, therefore, important, as it would determine the national character. The representation was in English, and, therefore, without examining the French translation that has been given, it was a false representation. Notwithstanding it has been decided that a warranty of neutrality is complied with by a naturalization, after emigrating flagrante bello, it is very different from a case, where there is no warranty, and the emigration must, from the representation, [*291] have *been understood to be before hostilities,’and therefore, no naturalization required by the law of nations, the property being protected without it.
■ Hamilton, in reply.
The case of Duguet v. Phinelander is decisive. To adopt the reasoning of the counsel opposed to me, the court must say that an ambiguous representation, by which neutrality and emigration before hostilities may be inferred, is stronger than an express warranty of neutrality, when the emigration and naturalization are flagrante bello, and not disclosed.
Kent, J.
When did congress pass the first act prescribing terms as to naturalization.
Lewis, Ch. J.
delivered the opinion of the court. The only question arising in this case is on the representation; which, admitting it to be false, cannot avoid the policy, unless it be on a point material to the risk. The decision in *369 the case of Duguet v. Rhinelander is not necessary to be here applied. The only view in which this representation could be material, independent of that decision, is as it respects the naturalization or emigration of the plaintiff, flagrante hello. Now, whether he was naturalized, in 1794, or 1798, must, if considered independently of the period of his emi gration, be immaterial, for in either case, it was a natura lization flagrante hello, and the existence of a war at both those periods was a notorious fact, of which the underwri ters cannot be presumed to be ignorant, and are bound t<? take notice. Carter v. Boehm,, 3 Burr. 1905. 1 Black. 593 But it is insisted that on just construction, the repre' sentation was, that he was naturalized in 1794, for that since means ever since, and then by our law he must have emigrated to this country in 1792, a period preceding the war. If we are to take the word since abstractedly, and ask its meaning, it will be found to signify after. If we take it in connection with the other members of the sentence, we can, by a transposition of a single word, give it the same signification: and when we consider the representation was made by a Frenchman, as was admitted on the argument, and that such transposition will make it a literal translation, I presume we shall be justified in so doing. It will then read, “ Mr. Coulon is a citizen of the United States, naturalized since 1794.”' Thus *will the repre- [*292] sentation comport with the fact. The words since 1794, are, therefore, too equivocal, and not sufficiently precise, to justify the court in considering the words as representing the plaintiff to have been naturalized in and not after 1794. We do not, consequently, consider the representation as materially false, and the verdict ought to stand.
Motion denied.(a)

 See the principles of this decision, 1 Caines’ Cases in Error, xxv. And the report of the judgment below lately published in 1 Johns. Cas. 360.

 See Ely v. Hallett, 2 Caines’ Rep, 60. n.